IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY J. BRATTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 99-B-0205-S |
| | ) |
| WARDEN BILLY MITCHEM and | ) |
| THE ATTORNEY GENERAL OF THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

ENTERED
NOV 19 2001

## MEMORANDUM OPINION

The petitioner filed this action pursuant to 28 U.S.C. § 2254, challenging the use of his 1976 murder conviction to enhance his sentence in 1996 after his conviction on first degree robbery. (Doc. 1). A magistrate judge of this court recommended that the petition be dismissed with prejudice because it was barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). (Doc. 12). The petitioner filed an objection asserting that the magistrate judge did not allow him excludable time for the period between when his second state post-conviction petition was dismissed and when he received actual notice of the dismissal approximately eight months later.[1]

A review of the Magistrate Judge's Report and Recommendation shows that the court allowed him an exclusion under the tolling provisions for the entire time the second post-conviction was deemed "pending," including the time the petitioner complains about. (*See* Doc. 12, pp. 9-10). However, even affording the petitioner this additional period, the present petition

---

[1] According to the record, the dismissal order was issued March 5, 1998. The petitioner states that he did not receive the order until October 29, 1998. (Doc. 13, ¶ 4).



is still untimely.

Additionally, the petitioner's challenges to the 1976 plea are procedurally defaulted and therefore barred from review. In the present petition, he asserts that the murder conviction is invalid because his counsel was ineffective and the plea was not knowingly and voluntarily entered with an understanding of the consequences. In support of the first claim, the petitioner states that counsel did not investigate the case and did not explain the nature of the charge, the elements of the offense, the petitioner's constitutional rights or the consequences of the plea to him. (Doc. 1, "extra sheet," pp. 1-2). In support of the second claim, the petitioner states (1) that the court did not advise him of the maximum and minimum punishment; (2) no factual basis for the plea was given; (3) the court did not hear testimony from the petitioner, as allowed by state law; (4) the court did not comply with the three day waiting period before it received his plea, as required by state law; (5) the court did not advise him that he could call witnesses to testify on his behalf at sentencing; (6) the court did not advise him adequately of his constitutional rights; (7) the court did not determine that the plea was being voluntarily offered; (8) the court did not determine whether he executed the *Ireland*[2] guilty plea form knowingly; and, (9) the court did not advise him that he was entitled to a pre-sentence investigation, as required by state law.

These claims were raised for the first time in the second Rule 32 petition that was filed, following his 1996 robbery conviction, in state court in January 1998. Therefore, they were precluded from state collateral review either because they were not raised by the petitioner in a direct appeal of his 1976 conviction and sentence (*See* Rule 32.2(a)(5) (the substantive equivalent of former Rule 20.2(a)(5) of the ALABAMA RULES OF CRIMINAL PROCEDURE) or because they were not raised within two years of the conviction and sentence becoming final (*See*

---

[2] *Ireland v. State*, 47 Ala. App. 65, 250 So. 2d 602 (1971).

Rule 32.2(c) (the substantive equivalent of former Rule 20.2(c)).[3] Accordingly, they are precluded from review by this court absent a showing of cause and prejudice (*Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594 (1977)) or manifest injustice (*Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 2644, 91 L. Ed. 2d 397 (1986) and *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1576, 71 L. Ed. 2d 783 (1982)). The petitioner has failed to make any such showing.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the petitioner's objections and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE** this 19th day of November, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

---

[3] To the extent that the petitioner's claims implicate due process protections associated with a guilty plea (*see Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)), they are not jurisdictional issues permitting his untimely filing of the state petition. *Catchings v. State*, 684 So. 2d 168, 169 (Ala. Crim. App. 1995).